[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. FACTS
The above named minor child, Brent S, was born on June 1997. His biological parents are Colleen S and Anson M. Mr M was incarcerated when his son was born. On October 8, 1997, an Order of Temporary Custody was granted on behalf of said child. At that time, a neglect petition was filed on behalf of said child alleging that the child was neglected in that he was being denied proper care and attention physically, educationally, emotionally or morally, and that said child was being permitted to live under conditions, circumstances or association injurious to his well-being.
On June 16, 1998 the Court adjudicated the above named minor child neglected and entered a disposition of commitment for a period not to exceed twelve months. At that time, Mr M was not required to enter a plea since he was a noncustodial parent. On May 18, 1999 said commitment was extended for another twelve months.
On August 3, 1999 The Department of Children and Families (hereinafter referred to as the Petitioner) placed Brent S with his father in an attempt toward reunification. On November 4, 1999 Respondent Father, at the request of the Department's Social Worker, returned Brent S into the custody and guardianship of the Petitioner. On February 2, 2000 Petitioner filed a Termination of Parental Rights Petition as to Respondent Father which was subsequently consolidated with the Termination Petition previously filed as to the Respondent Mother on July 26, 1999.
On June 8, 2000 Respondent Mother consented to the termination of her parental rights to Brent S. At that time, an extension of the commitment of said child was granted by the Court effective June 16, 2000 for a period not to exceed twelve months, The termination proceeding regarding Respondent Anson M was tried before the court on May 18, 2000 and June 8, 2000.
Mr. M currently resides with his girlfiend, Dawn J, in public housing. He has consistently presented himself as a custodial resource for Brent. Mr. M was substantially compliant with the steps ordered by the court. CT Page 11225 The Department contended that unresolved issues of housing, medical insurance, meeting Brent's daily needs, and a domestic violence incident with his girlfriend, displayed that he had not rehabilitated himself.
During the period that Brent was in Mr. M's custody, Mr. M assisted in changing diapers, feeding and bathing. He also took Brent for automobile rides, played ball and took Brent fishing. Mr M is currently employed and can provide insurance for Brent. The domestic violence incident involved damage to an automobile. His visits with Brent have been constant. He has cooperated and participated in all services offered by the Petitioner. Brent recognizes Mr M as his father. Brent and Mr. M have a positive visiting relationship
II. LAW
The termination of parental rights is defined as "the complete severance by court order of the legal relationship, with all its rights and responsibilities, between the child and the child's parent or parents so that the child is free for adoption C.G.S. 45a-707(8). "It is a most serious and sensitive judicial action." Anonymous v. Norton, 168 Conn. 421,430, 362 A.2d 532 cert. denied, 423 U.S. 935, 96 S.Ct. 294,46 L.Ed.2d 268
(1975). In Re Michael M, 29 Conn. App. 112, 117-18, 614 A.2d 832
(1992). When petitioning to terminate parental rights without consent, the Department of Children and Families must allege and prove by clear and convincing evidence one or more of the specific grounds set forth in Connecticut General Statutes 17a-112 (c) et seq. In Re Baby Girl B,224 Conn. 263, 293, 618 A.2d (1992).
It is axiomatic that one of the grounds which the Petitioner needs to establish by clear and convincing evidence is that, after an adjudication of neglect, the father has failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, he would assume a responsible position in the life of the child. The Petitioner has failed to meet its burden of proof in this regard.
Anson M testified that he believed his initial custodial period with Brent was on a trial basis. He indicated that he returned Brent to the Department because the Department requested him to do so. He is currently employed full time and visits consistently with Brent. The domestic violence incident involved damage to Ms. J vehicle while Brent was in Mr. M's custody. Mr. M and Ms. J went to couples counseling, and the case was nolled. At that time, the Petitioner did not deem the incident of sufficient impact to remove Brent from the home.
The Court is not persuaded that there is anything improper about Mr. CT Page 11226 M's housing situation. The Petitioner never raised the issue when Brent was living with Mr. M. There was not any testimony from either the Housing Authority or anyone with knowledge of housing regulations to indicate that his occupancy in Ms. J public housing unit is improper. Further, Mr. M can now provide medical insurance for Brent through his job.
Mr. M further testified that, when he took Brent in what he perceived was a trial basis, he was not fully prepared for the task. He felt that he would benefit from further parenting classes. He has always been cooperative with the Department and complied substantially with the Specific Steps which had been previously ordered. He has constantly maintained an interest in his son's life. When he had custody of his son he would take him fishing and on automobile rides. The Court finds Mr. M to be a credible witness and earnest in his desire to be a responsible parent in his son's life.
Brent S is over three years old. He relates to Mr. M as his father. Brent has been in foster care since Mr. M returned him to the Department on November 4, 1999. The foster parents do not wish to adopt Brent. Mr. M would benefit from further parenting classes in an effort to be better involved in his son's life. The Court finds that, within a reasonable time, considering the age and needs of the child, Mr. M can assume a responsible position in his son's life. The Court further finds that it is in the child's best interest that he take the necessary steps to become Brent's full time custodial guardian.
III. CONCLUSION
Based upon the foregoing, it is the Order of this Court that the Termination of Parental Rights Petition as to Anson M be dismissed. Judgement shall enter in favor of Respondent Father. With respect to the pending neglect petition commitment, it is further ordered that the Department provide Mr. M at its expense, with parenting classes sufficient to instruct him in the proper care and parenting of a three year old child. The treatment plan goal shall be for reunification of Brent S with Mr. M. It is further ordered that, upon Mr. M's successful completion of the parenting classes, Mr. M shall have weekend overnight visitation periods with Brent from Friday at 7:00 p.m. until Sunday at 5:00 p.m. or such other weekend time periods as may correspond with Mr. M's work schedule. The Department shall provide Mr. M with a parent aide for at least three hours during each weekend visit.
Brent S is currently committed to the Petitioner for a period of no later than June 18, 2001. Upon the successful completion often weekend overnight visits, Brent shall be examined by Dr. Rodolfo Rosado CT Page 11227 individually and in an interactional study with Mr. M. Dr. Rosado shall then submit a report to the court indicating both the progress of the visits and when the appropriate transition period should be for Mr. M to be a full time parent to Brent. Upon receipt of Dr. Rosado's report a hearing will be scheduled by the Court regarding the appropriate custodial status for Brent S.
By The Court
Eveleigh, J.